UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEONARD R. GORDON           :
                           :
     Plaintiff,             :
                           :
v.                         :      Case No. 3:15-cv-507(RNC)
                           :
OCWEN LOAN SERVICING        :
                           :
     Defendant.             :
                           :

RULING AND ORDER

Leonard Gordon, proceeding pro se and in forma pauperis,
commenced this action on April 8, 2015 against defendant Ocwen
Loan Servicing, asserting claims arising out of a foreclosure
action related to plaintiff's real property located in Seymour,
Connecticut.  Defendant has moved to dismiss based on, among
other things, the Rooker-Feldman doctrine.  I agree that the
action is barred by Rooker-Feldman and therefore grant the motion
to dismiss.

I.   Background

On May 21, 2003, plaintiff received a loan from New Century
Mortgage Corporation in the amount of $375,000.00, as evidenced
by a promissory note made payable to the order of New Century
Mortgage Corporation ("New Century").  That same day, plaintiff
executed a mortgage in favor of New Century on a property located
at 17 Brookfield Road in Seymour.  The mortgage was assigned to
U.S. Bank National ("U.S. Bank") as Trustee by an assignment

1

dated May 21, 2003 and recorded September 23, 2005.  On or about
May 1, 2010, plaintiff defaulted on the note.  Following
plaintiff's default, U.S. Bank filed a foreclosure action in
Connecticut Superior Court.  See U.S. Bank Nat'l v. Gordon (Conn.
Super. Ct. AAN-CV07-5003963-S).  An order of strict foreclosure
entered in favor of U.S. Bank on March 9, 2015.  See id.

It does not appear that plaintiff contested or appealed the
foreclosure judgment in state court.  Rather, plaintiff commenced
the present action against his loan servicer, Ocwen Loan
Servicing, seeking injunctive relief to stop the foreclosure, as
well as punitive damages.  See Compl. (ECF No. 1).  Plaintiff's
complaint includes claims of wrongful foreclosure, negligence,
unfair and deceptive practices, and violations of the Real Estate
Settlement Procedures Act ("RESPA"), the Truth in Lending Act
("TILA") and the Fair Debt Collections Practices Act (the
"FDCPA").

## II.  Discussion

Defendant argues that plaintiff's complaint must be
dismissed because his claims are barred by the Rooker-Feldman
doctrine and res judicata, and because the complaint fails to
state a claim on which relief can be granted.  See Def.'s Mot. to
Dismiss (ECF No. 9).  The Rooker-Feldman doctrine provides that
federal district courts do not have jurisdiction to review final
decisions of state courts or reverse or modify state court

judgments.  See Rooker v. Fidelity Trust Co., 263 U.S. 413,
415-16 (1923); District of Columbia Court of Appeals v. Feldman,
460 U.S. 462, 476 (1983).  Four requirements must be met for the
doctrine to apply: (1) the federal court plaintiff must have lost
in state court; (2) the plaintiff must complain of injuries
caused by that state court judgment; (3) the plaintiff must
invite the district court to review and reject the judgment; and
(4) the state court judgment must have been rendered before the
district court proceeding commenced.  See Hoblock v. Albany Cnty.
Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

    Here, all four requirements are met.  Plaintiff lost in
state court, and the foreclosure judgment was entered nearly a
month before plaintiff filed this action.  The gravamen of
plaintiff's complaint is that the foreclosure judgment was
erroneous; he seeks a temporary restraining order "stop[ping] an
improper foreclosure."  Compl. (ECF No. 1) at 2; see also id.
("Injunctive Relief with urgency is necessary to protect
Plaintiff's equity interest stake and prevent an unenforceable
foreclosure.  Plaintiff [sic] property is in danger of being
foreclosed upon without a pre-foreclosure hearing.").  Granting
the requested injunction would require this Court to reject the
state court judgment.  Finally, although plaintiff's complaint
references several federal statutes, including RESPA, TILA, and
the FDCPA, he provides no allegations supporting claims under

these statutes.  Construing the language of the complaint in its broadest terms, it is evident that plaintiff complains of injuries caused by the foreclosure judgment and that the purpose of this action is to undo the foreclosure.  Under Rooker-Feldman, this Court does not have authority to consider plaintiff's challenge to the validity of the foreclosure.  Cf. Exxon Mobil Corp v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (Rooker-Feldman's "'paradigm situation'" is where the plaintiff has "repaired to federal court to undo the [state] judgment" (quoting E.B. v. Verniero, 119 F.3d 1077, 1090-1091 (3d Cir. 1997))).

Courts in similar cases have consistently reached the same conclusion.  See Swiatkowski v. Bank of Am., 103 F. App'x 431, 432 (2d Cir. 2004) (affirming district court's "holding that under the Rooker-Feldman doctrine, the [district] court lacked subject matter jurisdiction: even reading the complaint liberally, . . . [plaintiffs'] lawsuit was effectively asking to re-litigate a judgment of foreclosure entered against them by the state court"); Gray v. Americredit Fin. Servs., Inc., No. 07 Civ. 4039(SCR)(MDF), 2009 WL 1787710, at *4 (S.D.N.Y. June 23, 2009) ("Courts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the Rooker-Feldman doctrine from attacking the state court judgment in federal district court.");

<u>Feinstein v. The Chase Manhattan Bank</u>, No. 06-CV-1512(JFB)(ARL), 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006) ("[A]ny attack on a judgment of foreclosure is clearly barred by the <u>Rooker-Feldman</u> doctrine."); <u>see</u> <u>also</u> <u>Astoria Fed. Sav. & Loan Ass'n v. Arcamone</u>, No. 3:12-cv-230(WWE), 2012 WL 4355550, at *2 (D. Conn. Sept. 18, 2012) ("Even where a plaintiff alleges that a state court judgment was procured by fraud, <u>Rooker-Feldman</u> will divest the federal court of jurisdiction.").

Because this action is barred under <u>Rooker-Feldman</u>, the Court does not address defendant's other arguments.

III. <u>Conclusion</u>

Accordingly, the motion to dismiss [ECF No. 9] is hereby granted.

So ordered this 31st day of March 2016.


                                   /s/ RNC
                          Robert N. Chatigny
                       United States District Judge

5